JOHN FRANKOVICH (NV SBN 667)
MIRANDA DU (NV SBN 5288)
McDonald Carano Wilson LLP
100 West Liberty Street, 10th Floor
P.O. Box 2670
Reno, Nevada 89505-2670
Telephone: 775.788.2000
Facsimile: 775.788.2020
jfrankovich@mcdonaldcarano.com
mdu@mcdonaldcarano.com

Michael Agoglia (pro hac vice application pending)
Gregory P. Dresser (pro hac vice application pending)
Morrison Foerster LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 368-56057
Facsimile: (415) 268-7522
magoglia@mofo.com
gdresser@mofo.com

Attorneys for Defendant
CHEVY CHASE BANK, F.S.B.,
improperly named herein as
CAPITAL ONE dba CHEVY CHASE BANK

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEFA S. LOPEZ, et al., | Case No.   3:09-cv-00180-ECR-VPC |
| Plaintiffs, | |
| v. | **CHEVY CHASE BANK, F.S.B.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| EXECUTIVE TRUSTEE SERVICES, LLC., et al., | |
| Defendants. | |

# INTRODUCTION

Plaintiffs Bryan and Helen Gray seek to prevent an entity described in the First Amended Complaint ("FAC") as "Capital One dba Chevy Chase Bank" from foreclosing on their residential mortgage loan, which is currently in default. There is, however, no legal entity called "Capital One dba Chevy Chase Bank." As was readily ascertainable from public records before the FAC was filed, the real party in interest, Chevy Chase Bank, F.S.B., is a federally chartered thrift regulated by the Office of Thrift Supervision. Its operations are separate and distinct from those of its parent company, Capital One Financial Corporation, a holding company with no connection whatsoever to the Grays' loan. The Grays' failure, as a threshold matter, to sue the right party is fatal to their claims for at least two reasons:

(1) The Grays failed to effect service of process on any "Capital One" or "Chevy Chase Bank" entity. To this day, neither Chevy Chase Bank, F.S.B., nor Capital One Financial Corporation for that matter, has been served with summons and a copy of the FAC, as required by Rule 4 of the Federal Rules of Civil Procedure.[1]

(2) The operative complaint fails to allege any facts to hold Capital One Financial Corporation accountable for the liabilities, if there are any, of its subsidiary, Chevy Chase Bank, F.S.B. Capital One Financial Corporation simply owns subsidiaries, including Chevy Chase Bank, F.S.B. At no time did Capital One Financial Corporation originate, purchase or service the Grays' loan. The FAC does not allege any facts to the contrary, nor could it.

Accordingly, Chevy Chase Bank, F.S.B., erroneously sued as "Capital One dba Chevy Chase Bank," brings this motion to: (i) dismiss the FAC under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process, or alternatively, to quash the summons issued to "Capital One dba Chevy Chase Bank," and (ii) to dismiss the FAC with prejudice as to Capital One Financial Corporation for failure to state a claim under Rule 12(b)(6).

---

[1] Chevy Chase Bank, F.S.B. regrets having to resolve service defects through formal motion practice, but its efforts to resolve these issues by proposing to plaintiffs that the parties stipulate to amend the FAC to name the proper party, have the bank accept service, and set a responsive pleading deadline were rebuffed on multiple occasions.

## BACKGROUND

The Grays are two of ten named plaintiffs who filed this action, on behalf of themselves and a putative class, for alleged unlawful conduct related to the origination and assignment of residential mortgage loans on properties located in twenty-nine different states. The Grays allege that, in August 2006, they obtained a loan through First Magnus Financial Corporation. (FAC ¶ 97.) "Chevy Chase Bank" is identified in the FAC only as the subsequent "servicer" of the Grays' loan. (*See* FAC ¶ 42.) After the Grays fell behind on their loan payments, Chevy Chase Bank began to foreclose on the loan, a proceeding they seek to enjoin in this action. (*See* FAC ¶¶ 103-104.)[2]

Significantly, the FAC does not allege that "Capital One" was involved at any time with the Grays' loan. The FAC does not allege, for example, that "Capital One" made the Grays' loan, acquired the loan, serviced it at any time or initiated any proceeding to foreclose on the loan. Not that plaintiffs could do so. Capital One Financial Corporation became the parent corporation of Chevy Chase Bank, F.S.B. through a stock purchase in December 2008 — two years after First Magnus made a loan to the Grays. Capital One Financial Corporation does not make, acquire, or service loans. It is instead a pure holding company, whose sole business is owning the stock of its many subsidiary companies. (*See* Request for Judicial Notice in Support of Motion to Dismiss First Amended Complaint ("RJN"), Exs. A, B.) As a subsidiary, however, Chevy Chase Bank, F.S.B. continues to operate as a separate and distinct legal entity.

Plaintiffs ignored the publicly available information above and named "Capital One dba Chevy Chase Bank" in the FAC. Compounding matters, on May 4, 2009, plaintiffs attempted to

---

[2] Chevy Chase Bank, F.S.B. specially appeared in this action to enter into a stipulation with the Grays in which the bank agreed to forbear on the planned foreclosure. That stipulation expressly reserved all rights to raise the issues relating to improper service and parties. (*See* Stipulation Between Plaintiffs and Chevy Chase Bank, F.S.B. Regarding Grays and Order, entered May 18, 2009, Docket No. 66.) More recently, Chevy Chase Bank, F.S.B. specially appeared in this action to enter into a stipulation providing that it would have until July 24, 2009, like the other defendants, to oppose plaintiffs' motion for class certification and motion for preliminary injunction. That stipulation also reserved all rights to challenge improper service and parties. (*See* Stipulation and Order for Extension of Time, entered June 10, 2009, Docket No. 130.)

serve process on that nonexistent entity. (*See* Docket No. 36-13.) At that time, plaintiffs had not yet obtained a summons, further rendering any purported service ineffective. The summons that plaintiffs subsequently did obtain again identified "Capital One dba Chevy Chase Bank" as the summoned party. (Docket No. 51-1.) There is no evidence, however, that service of process has been effected upon any "Capital One" or "Chevy Chase Bank" entity, and surely not upon Chevy Chase Bank, F.S.B., the real party in interest. As such, none of these entities are properly before the Court.

## ARGUMENT

### I. THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO EFFECT SERVICE OR, ALTERNATIVELY, THE SUMMONS TO "CAPITAL ONE DBA CHEVY CHASE BANK" SHOULD BE QUASHED.

#### A. Rule 4 Requires Service of Summons *and* the Complaint.

No "Capital One" or "Chevy Chase Bank" entity has been properly served with process in this matter. "Service of process" refers to a formal delivery of documents that are legally sufficient to charge the defendant with notice of a pending action. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988). Rule 4 requires that, for service to be effective, "a summons must be served *with* a copy of the complaint." Fed. R. Civ. P. 4(c)(1) (emphasis added). This is not a mere technicality. "One becomes a party officially, and is required to take action in that capacity, only upon service of a summons." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 346 (1999). Indeed, "summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* Put another way, absent service of both summons and complaint, a party is not required to take any action in a lawsuit.

///
///
///
///
///
///

1    According to their own pleadings, plaintiffs clearly failed to satisfy Rule 4 here. Plaintiffs rely on the affidavit of Elizabeth Roesler, a legal assistant and file clerk in the offices of plaintiffs' counsel, to prove service of process upon "Capital One dba Chevy Chase Bank." (*See* Docket No. 36-13.) Her affidavit provides:

> In regards to service upon CAPITAL ONE dba CHEVY CHASE BANK, I faxed to 888-259-3021 and mailed a copy of the First Amended Complaint and the Temporary Restraining Order because I found an address and telephone number for facsimile on the internet that shows the corporate headquarters of Capital One at 1680 Capital One Dr., McLean, VA 22120-3407. Capital One is not listed by the Secretary of State of Nevada to do business in the State of Nevada so no registered agent is available for service. This was accomplished in the morning of May 4, 2009.

(*Id.*) Ms. Roesler concedes she faxed and mailed on May 4 a copy of only two documents: the FAC and the proposed temporary restraining order. Ms. Roesler did not attempt to serve a summons. Indeed, it was not until May 12 — more than a week *after* Ms. Roesler states she sent "Capital One dba Chevy Chase Bank" a copy of the FAC — that plaintiffs filed a "Proposed Summons" requesting that the Clerk issue several summons to several different defendants, including "Capital One dba Chevy Chase Bank." (Docket No. 49-6.) On May 13, the Clerk issued a summons to "Capital One dba Chevy Chase Bank." (Docket No. 51-1.) Plaintiffs have never filed any evidence that they served that summons on any Capital One or Chevy Chase entity.[3]

As plaintiffs failed to serve a summons together with a copy of the FAC, dismissal is appropriate under Rule 12(b)(5) for ineffective service of process. *See, e.g., Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F. 2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 682 F. 2d 1344, 1347 (9th Cir. 1982) (providing that "a federal court does not have jurisdiction over a defendant unless the defendant has been served properly under" Rule 4)). For the same reasons, the Court may also quash the summons issued to "Capital One dba Chevy

---

[3] On May 12, 2009, plaintiffs served a copy of the temporary restraining order entered by the Court on May 5, this time on Capital One Financial Corporation through its registered agent for service of process in Delaware, the state of Capital One Financial Corporation's incorporation. Plaintiffs did not serve a summons or the FAC.

Chase Bank." *See, e.g., R. Griggs Group Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1102 (D. Nev. 1996) (noting that federal courts possess the authority to quash a summons for improper service of process even though the Federal Rules technically do not provide for a "Motion to Quash").

### B. Plaintiffs' Method of Service Did Not Comport with the Rules for Service.

Rule 4 details the manner in which a summons and a complaint may be served on a corporation. Fed. R. Civ. P. 4(h). Plaintiff may utilize the rules for service of process in effect in the state in which the federal court is located or, if service is effected in another state, the rules of that state. *See* Fed. R. Civ. P. 4(e)(1). Alternatively, a plaintiff may serve a corporation by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Plaintiffs here failed to meet any of the applicable service rules, including under the law of Nevada (where this action is pending) or Virginia (where plaintiffs attempted to effect service).

As a threshold matter, service by mere "fax" and/or "mail" is rarely, if ever, a sufficient method of service on a corporate entity. It is true that due process does not require personal service in every case. Nor, as a substitute of personal service, does it require the method of service which is "most likely" to reach the defendant. What is required, however, is a method "reasonably likely" to provide notice. *Greene v. Lindsey*, 456 U.S. 444, 455 (1982). Reasonableness of the method employed is key. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Plaintiffs here did not employ a reasonable method of service. Ms. Roesler searched the Internet and located a facsimile number and address that she surmised pertained to the "corporate headquarters" of an undefined "Capital One" entity. Service by fax and mail, however, on "Capital One" was not reasonably likely to effect service on the real party in interest, Chevy Chase, F.S.B.

Service was ineffective for additional reasons. In Nevada, service upon a "foreign" corporation or non-resident entity, like Chevy Chase Bank, F.S.B., may be accomplished in one

of two ways. If the foreign corporation does business in Nevada and has a managing or business agent, cashier, or secretary within the state, a plaintiff may serve a summons and a copy of the complaint on such agent, cashier, or secretary, or any agent designated for service of process, as permitted by Nevada law. *See* Nev. Rev. Stat. §§ 80.080, 14.020, 14.030; Nev. R. Civ. P. 4(d)(2). Alternatively, in the event no such agent is designated, service may be made to the Secretary of State or the Deputy Secretary of State. Nev. R. Civ. P. 4(d)(2). The same rules apply whether a plaintiff is trying to serve a "foreign" corporation either within Nevada or outside the state. *See* Nev. R. Civ. P. 4(e)(2).

Plaintiffs did not meet Nevada's rules for service. The Roesler affidavit concedes that "Capital One is not listed by the Secretary of State of Nevada to do business in the State of Nevada so no registered agent is available for service." In this circumstance, plaintiffs were required to serve Nevada's Secretary of State or the Deputy Secretary of State. They did neither.

Nor did plaintiffs serve process in accordance with Virginia's service rules. In Virginia, a "domestic" corporation may be served (1) by personal service on any officer, director, or registered agent of such corporation, or (2) by substituted service upon the clerk of the State Corporation Commission when a registered agent is not appointed in the Commonwealth. *See* Va. Code §§ 8.01-299, 13.1-637. Similar rules apply to service on "foreign" corporations. *See* Va. Code §§ 8.01-301 (personal service on any officer, director or registered agent), 13.1-766 (service of process on clerk of the State Corporation Commission), 13.1-928 (service on the Secretary of the Commonwealth of Virginia).

On its face, the affidavit of Ms. Roesler fails to identify any specific individual, and clearly not a registered agent or state official, upon whom service was allegedly effected. On the contrary, Ms. Roesler faxed the FAC (without a summons) and the proposed temporary restraining order to a general facsimile number she located on the Internet as pertaining to "the corporate headquarters of Capital One." The same Internet search produced the address to which Ms. Roesler mailed the documents at issue. (Docket No. 36-13.) This is not enough under Virginia law. And for the same reason — *i.e.*, the failure to serve any specific individual or agent — nor is it adequate under Rule 4(h)(1)(B) of the Federal Rules, which permits service on a

corporation by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent," or any other authorized agent. Because plaintiffs failed to satisfy the rules applicable for service of corporate entities, the FAC should be dismissed for this additional reason under Rule 12(b)(5).

## II. CAPITAL ONE FINANCIAL CORPORATION IS NOT A PROPER PARTY TO THIS ACTION.

The FAC does not (and cannot in good faith) allege that Capital One Financial Corporation ever owned or serviced the Grays' mortgage loan. On the contrary, it alleges that an entity named "Chevy Chase Bank" did. (*See* FAC ¶ 103.) To be sure, the FAC makes reference to "Capital One" only *twice*. The first time is in the FAC's caption. (*See* FAC at 1 (naming "CAPITAL ONE dba CHEVY CHASE BANK" as a defendant).) The second and last reference to "Capital One" appears in plaintiffs' allegations regarding jurisdiction. (*See* FAC ¶ 2 (purporting to establish diversity jurisdiction by naming, among a host of other defendants, "Capital One dba Chevy Chase Bank").) The complete absence of any factual allegations concerning Capital One Financial Corporation in the FAC is sufficient reason to dismiss that entity, especially in light of the Supreme Court's recent decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (rejecting *Conley v. Gibson* standard and clarifying that plaintiff must state sufficient facts to make any claim not just possible, but plausible, to survive a motion to dismiss), and *Ashcroft v. Iqbal*, 556 U.S. ___, No. 07-1015, 2009 U.S. LEXIS 3472 (May 18, 2009) (same).

By suing "Capital One dba Chevy Chase Bank," plaintiffs apparently seek to embroil Capital One Financial Corporation in this litigation under an attenuated theory of successor liability even though the FAC does not explicitly so allege. There is no dispute that Capital One Financial Corporation owns 100% of the stock of Chevy Chase Bank, F.S.B. and that Chevy Chase Bank, F.S.B. now operates as a wholly-owned subsidiary of Capital One Financial Corporation. (*See* RJN, Exs. A, B.) The ownership of a subsidiary's stock, however, is insufficient to extend claims, let alone liability, to the subsidiary's parent.

1   An acquiring corporation does not assume the acquired entity's liabilities by merely
2   acquiring its stock. *See* 10 William Meade Fletcher, Fletcher Cyclopedia of the Law of Private
3   Corporations § 4878 (Perm. ed. 2001) (providing that "the mere fact that one corporation owns all
4   the shares in another does not render it liable for the torts of the latter" and that "[t]o render the
5   parent or holding company liable for the torts of its subsidiary, the former must control the latter
6   and direct its affairs"); *see also United States v. Bestfoods*, 524 U.S. 51, 67-70 (1998) (in
7   CERCLA action, district court erred in holding parent liable for pollution at a facility based on
8   routine involvement in the operation of the subsidiary rather than operation of the facility). There
9   are no facts alleged — nor could there be — allowing plaintiff to proceed on any "successor"
10  liability theory here.

11   Similarly, the FAC never alleges any facts that would justify disregarding the corporate
12  structure of Capital One Financial Corporation (via a piercing of the corporate veil) and imposing
13  alter-ego liability. *See Cent. States, Se. and Sw. Areas Pension Fund v. Reimer Express World
14  Corp.*, 230 F. 3d 934, 944 (7th Cir. 2000) (providing that "where corporate formalities are
15  substantially observed and the parent does not dominate the subsidiary, a parent and a subsidiary
16  are two separate entities and the acts of one cannot be attributed to the other"). Plaintiffs have
17  failed to plead facts to support any claim, for example, that Capital One Financial Corporation
18  controls Chevy Chase Bank, F.S.B. so that the subsidiary is merely an agent or instrumentality of
19  the parent. Or that Capital One Financial Corporation has purposefully disregarded Chevy Chase
20  Bank, F.S.B.'s independent corporate existence. *See, e.g., In re Currency Conversion Fee
21  Antitrust Litig.*, 265 F. Supp. 2d 385, 425-28 (S.D.N.Y. 2003) (holding that the plaintiffs failed to
22  allege claims under the Truth in Lending Act based on conclusory veil-piercing allegations
23  against a defendant parent holding parent company); *Multi-Juice, S.A. v. Snapple Beverage Corp.*,
24  No. 02 Civ. 4635 (RPP), 2003 U.S. Dist. LEXIS 7040, at *17 (S.D.N.Y. Apr. 25, 2003)
25  (dismissing claims against holding company where, as here, the plaintiff "fail[ed] to properly
26  make separate and distinct claims against [the holding company] upon which to support direct
27  liability"). Accordingly, to the extent the FAC attempts to plead any claims against Capital One
28  Financial Corporation, those claims should be dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, defendant Chevy Chase Bank, F.S.B., sued erroneously as "Capital One dba Chevy Chase Bank," respectfully requests that the Court: (i) dismiss the First Amended Complaint for insufficient service of process, or alternatively, quash the summons issued to "Capital One dba Chevy Chase Bank," and (ii) dismiss the First Amended Complaint as to Capital One Financial Corporation for failure to state a claim.

Dated: June 15, 2009

By: */s/ Miranda Du*
John Frankovich
Miranda Du
McDonald Carano Wilson LLP
100 West Liberty Street, 10th Floor
P.O. Box 2670
Reno, NV 89505-2670

Michael AgogliaGregory P. Dresser
Morrison Foerster LLP
425 Market Street
San Francisco, CA 94105
*pro hac vice applications pending*

Attorneys for Defendant
CHEVY CHASE BANK, F.S.B.,
improperly named herein as
CAPITAL ONE dba CHEVY CHASE BANK

CHEVY CHASE BANK, F.S.B.'S MOTION TO DISMISS
CASE NO. 3:09-cv-00180-ECR-VPC
sf-2694614

9

# CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that I am an employee of McDonald Carano Wilson LLP and that, pursuant to LR 5-3, on this date I caused to be electronically filed a true and correct copy of CHEVY CHASE BANK, F.S.B.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system, which will automatically e-serve the same on the attorneys of record set forth below:

| | |
|---|---|
| Robert R. Hager, Esq.<br>Treva J. Hearne, Esq.<br>Hager & Hearne<br>245 E. Liberty Street, Suite 110<br>Reno, NV 89501<br>parrlawoffices@sbcglobal.net<br>TrevaHearn@aol.com | Emmanuel Edem, Esq.<br>Lewis Mark Bonner, Esq.<br>Norman & Edem, PLLC<br>127 N.W. 10th Street<br>Oklahoma City, OK 73103<br>eee@nemw.com<br>lmb@nemw.com |
| Bruce T. Beesley, Esq.<br>Tricia M. Darby, Esq.<br>Paul A. Matteoni, Esq.<br>Lewis and Roca, LLP<br>50 W. Liberty Street, Suite 410<br>Reno, NV 89501<br>bbeesley@lrlaw.com<br>tdarby@lrlaw.com<br>pmatteoni@lrlaw.com | Patrick G. Byrne, Esq.<br>Cynthia LeVasseur, Esq.<br>Erica J. Stutman, Esq.<br>Snell & Wilmer<br>3883 Howard Hughes Parkway, Suite 1100<br>Las Vegas, NV 89169<br>pbyrne@swlaw.com<br>clevasseur@swlaw.com<br>estutman@swlaw.com |
| Ariel E. Stern, Esq.<br>Michael M. Miles, Esq.<br>Ballard Spahr Andrews & Ingersoll, LLP<br>100 North City Parkway, Suite 1750<br>Las Vegas, NV 89106-4614<br>sterna@ballardspahr.com<br>milesm@ballardspahr.com | Robert M. Brochin, Esq.<br>Morgan, Lewis & Bockius LLP<br>200 S. Biscayne Blvd.<br>Miami, FL 33131-2339<br>rbrochin@morganlewis.com |
| Michael R. Kealy, Esq.<br>David R. Hall, Esq.<br>Parsons Behle & Latimer<br>50 West Liberty Street, Suite 750<br>Reno, NV 89501<br>mkealy@parsonbehle.com<br>dhall@parsonsbehle.com | Thomas M. Hefferon, Esq.<br>Joseph F. Yenouskas, Esq.<br>Goodwin Procter LLP<br>901 New York Avenue, NW<br>9th Floor East<br>Washington, DC 20001<br>jyenouskas@goodwinprocter.com<br>thefferon@goodwinprocter.com |

| | |
|---|---|
| William A. Nebeker, Esq.<br>Valerie R. Edwards, Esq.<br>Koeller, Nebeker, Carlson & Haluck, LLP<br>3200 North Central Ave., Ste. 2300<br>Phoenix, AZ 85012<br>nebeker@knchlaw.com<br>valerie.edwards@knchlaw.com | Christopher H. Byrd, Esq.<br>Fennemore Craig<br>300 South Fourth Street, Suite 1400<br>Las Vegas, NV 89101<br>cbyrd@fclaw.com |

On this date I caused to be delivered in the United States mail, enclosed in a sealed envelope, upon which first class postage was fully prepaid and affixed thereto, a true copy of the CHEVY CHASE BANK, F.S.B.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT addressed to the individuals listed below at their last known business address as follows:

Lucia Nale, Esq.
Thomas V. Panoff, Esq.
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606

On this date I caused to be delivered via e-mail, a true copy of the CHEVY CHASE BANK, F.S.B.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT addressed to the individual listed below at her last known e-mail business address as follows:

U. Gwyn Williams, Esq.
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 02109
uwilliams@goodwinprocter.com

DATED: June 15, 2009

/s/ *Kathleen E. Ryd*
Kathleen E. Ryd