```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEVADA
                          RENO, NEVADA
```

```
JOSEFA LOPEZ, et al.,              )   3:09-CV-180-ECR-VPC
                                   )
     Plaintiffs,                   )   MINUTES OF THE COURT
                                   )
vs.                                )   DATE: December 1, 2010
                                   )
EXECUTIVE TRUSTEE SERVICES, LLC,   )
et al.,                            )
                                   )
     Defendants.                   )
                                   )
```

PRESENT:     EDWARD C. REED, JR.                    U. S. DISTRICT JUDGE

Deputy Clerk:    COLLEEN LARSEN           Reporter:     NONE APPEARING

Counsel for Plaintiff(s)                  NONE APPEARING

Counsel for Defendant(s)                  NONE APPEARING

MINUTE ORDER IN CHAMBERS

     This is a putative class action brought by numerous homeowners who are in danger of losing or have already lost their homes to foreclosure. Plaintiffs assert nine claims for relief. Only Plaintiffs' first claim, and part of Plaintiffs' second, eighth and ninth claims are under our jurisdiction. Plaintiffs' other claims are before the MDL Court in the District of Arizona (#423). Now pending are two motions to dismiss (## 430 and 436). Plaintiffs oppose each motion separately. Defendants have replied. The motions are ripe, and we now rule on them.

     Defendant T.D. Service Company ("T.D.") contends that the only claims for relief asserted against T.D. are the eighth and ninth claims for injunctive and declaratory relief. Because these "claims" are actually remedies, T.D. requests their dismissal as to T.D. Plaintiffs apparently agree, at least in substance, with T.D. but contend that we should deny T.D.'s motion (#430) as moot because no remanded claims are asserted against it. In light of the fact that T.D.'s motion is, in substance, unopposed, we will dismiss Plaintiffs' eighth and ninth claims against T.D.

     Defendants Countrywide Home Loans, Inc. ("Countrywide"), ReconTrust N.A., Bank of America, N.A., and Wells Fargo Bank, N.A. bring the other pending motion (#436) dismiss. They challenge each remanded claim. We will examine each claim below.

Plaintiffs' first claim for fraud in the inducement is brought by Plaintiffs Tyrome and Michellina Evanson and Lyndon Graves against Countrywide.

With respect to Plaintiff Graves, Defendants contend Countrywide did not originate Graves' loan. Defendants claim Countrywide Bank, FSB, a different entity from Countrywide Home Loans, Inc., originated the loan. Countrywide Bank, FSB is not a defendant in this lawsuit. Plaintiffs do not dispute this, but nevertheless contend that the claim should not be dismissed because the complaint alleges that Bank of America, a defendant in this action, is the successor of Countrywide FSB. Plaintiffs mis-characterize their own complaint. The allegation that purportedly saves the claim from dismissal reads as follows: "Upon information and belief, Defendant Bank of America, N.A. was . . . a successor in interest to Countrywide Home Loans, Inc. . . . ." (Second Am. Compl. ¶ 34 (#419).) Plaintiffs do not allege that Bank of America is the successor of Countrywide Bank FSB. Therefore, Plaintiffs' first claim will be dismissed with respect to Plaintiff Graves.

With respect to the Evansons' fraud claim against Countrywide, Defendants contend, and we agree, that Plaintiffs' allegations fail to satisfy the particularity requirements of Fed. R. Civ. P. 9(b). Indeed, the complaint fails to allege, inter alia, the names of the person or persons who made the allegedly fraudulent representations, their authority to speak and whether their representations were verbal or in writing. "[I}n a fraud action against a corporation, a plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Saldate v. Wilshire Credit Corp., 686 F. Supp. 2d 1051, 1065 (E.D. Cal. 2010). Plaintiffs' complaint fails to substantiate the circumstances surrounding the false statements attributable to Countrywide, and will be dismissed on that basis.

With respect to Plaintiffs' second claim, the MDL Court clarified (#423) that only Graves and Evanson's unjust enrichment claims are under our jurisdiction. An action "based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975, 942 P.2d 182, 187 (Nev. 1997). Nevertheless, Plaintiffs contend that because Graves and the Evansons' loan contracts were procured by fraud, they may proceed under an unjust enrichment theory. Even if this were so, as noted above, Plaintiffs have not adequately pled an underlying fraud. Plaintiffs' second claim will therefore be dismissed.

In light of our dismissal of all the substantive claims under our jurisdiction, we dismiss Plaintiffs' eighth and ninth claims for relief for injunctive and declaratory relief respectively. Because this Order dismisses

every claim under our jurisdiction, the only live claims remaining in this case are under the jurisdiction of the MDL Court.

**IT IS, THEREFORE, HEREBY ORDERED THAT** Defendant T.D. Service Company's "Motion to Dismiss Second Amended Complaint" (#430) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Defendants Bank of America, N.A., Countrywide Home Loans, Inc, Reconstruct and Wells Fargo Bank, N.A.'s to "Motion to Dismiss Second Amended Complaint" (#436) is **GRANTED**.

LANCE S. WILSON, CLERK

By     /s/    
     Deputy Clerk

3