UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEFA S. LOPEZ, JOSE TRINIDAD CASAS, MARIA C. CASAS, LYNDON B. GRAVES, TYRONE EVENSON, MICHELLINA EVENSON, BRYAN GRAY, HELEN GRAY, PATRICK FRANKOSKI, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>EXECUTIVE TRUSTEE SERVICES, LLC.; COUNTRYWIDE HOME LOANS, INC.; MERSCORP, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, RECONTRUST SAXON MORTGAGE SERGVICES, INC.; GALE GROUP dba T.D. FINANCIAL SERVICES, et al.,<br><br>Defendants. | Case No.  3:09-cv-00180-ECR-VPC<br><br><br><br>ORDER |

On July 15, 2011, Plaintiff Bryan Gray filed an ex parte motion (#482) to enforce stipulation and order (#66) not to foreclose.  We entered an order (#483) granting the motion.  Since the order was entered without the opportunity for Defendants Chevy Chase Bank and T.D. Service Company to respond, the order provided that it was entered subject to the right of Chevy Chase Bank and T.D. Service Company to file a motion for reconsideration within 21 days.

1    Our order was entered for the purposes of maintaining the status quo until
2    the said Defendants could be heard.
3    Capital One, N.A., successor by merger to Chevy Chase, now moves
4    (#484) for reconsideration of our order (#483).  Defendant T.D. Service
5    Company has joined (#486) in the motion.
6    The stipulation and Order (#66) provided that Chevy Chase Bank and its
7    agents including trustee T.D. Service Company would not initiate or advance any
8    foreclosure sale on the Gray property pending resolution of those claims asserted
9    by Plaintiff Gray that could affect Chevy Chase Bank's right to foreclose on the
10   Gray property.
11   On July 15, 2009, the Court entered its order (#235) granting Chevy Chase
12   Bank's motion (#133) to dismiss the First Amended Complaint as to Defendant
13   Chevy Chase Bank on the grounds that Plaintiffs failed to effectuate service in
14   accordance with the Federal Rules of Civil Procedure (Fed.R.Civ.P.).  As of July
15   15, 2009, Chevy Chase Bank was no longer a party to this action.
16   Thus, the claims asserted by Plaintiff Gray against Chevy Chase Bank that
17   could affect the Bank's rights to foreclose were resolved.  Chevy Chase Bank
18   was dismissed from the action and was no longer a party to the action.  The
19   stipulation and order (#66) were no longer in force and by their own terms had
20   been terminated.
21   Defendant Chevy Chase Bank was not required to meet the requirements
22   of Fed.R.Civ.P. 59(e) or 60(b)(1) in making its motion for reconsideration.  The
23   motion was properly made pursuant to the court order (#483) which provided that
24   the order was subject to the right of Defendants Chevy Chase Bank and T.D.
25   Service Company to file a motion for reconsideration within 21 days.  The
26   motions (#484) and (#486) were made in accordance with our specific order
27   (#483) which provided for the filing of the motion for reconsideration.
28   Defendant T.D. Service Company joined (#486) in the Defendant Capital

One, N.A., motion for reconsideration (#484).  T. D. Service Company did not, however, join in and was not a party to the stipulation (#66) between Plaintiffs and Chevy Chase Bank, F.S.B., regarding Gray's property.  However, the stipulation (#66) provides that it is made on behalf of "Chevy Chase, its . . . agents, including trustee T.D. Service Company . . . ."  Thus, in entering into the stipulation, Chevy Chase bank intended to bind Trustee T.D. Service Company as its agent to the requirements of the stipulation (#66).

T.D. Service Company was subject to release from the stipulation on the same basis as Chevy Chase Bank, i.e., resolution of those claims asserted by Plaintiffs that could affect Chevy Chase Bank's right to foreclose on the Gray property.  As recited above, there has been such resolution because Chevy Chase Bank has been dismissed from the action.  The stipulation by its own terms is no longer in effect as to either Chevy Chase Bank or T.D. Service Company.

The ongoing MDL proceedings involving MERS do not affect the outcome.  The stipulation has terminated by its own force.  The MDL proceedings are not affected by it.

IT IS ORDERED that the Motion for Reconsideration (#484) filed by Capital One, N.A., successor by merger to Chevy Chase Bank, joined in by T.D. Service Company (#486), is **GRANTED**.  The stipulation (#66) between Plaintiff Bryan Gray and Chevy Chase Bank regarding the Gray property and the Order (#66) are **vacated**, and shall be of no further force or effect.  To the extent Capital One, N.A., was bound by or liable under the stipulation and order (#66), it is released from liability.

DATED this 31st day of October 2011.

_____
EDWARD C. REED, JR.
United States District Judge